UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cathy Donovan, | ) | CASE NO. 1:10 CV 2627 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Hartford Life and Accident Insurance Company, | ) | Memorandum of Opinion and Order |
| | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Permit Discovery (Doc. 9). This is an ERISA dispute. For the following reasons, plaintiff's motion is DENIED.

**FACTS**

The following facts are taken from the complaint. Plaintiff, Cathy Donovan, brings this action against defendant, Hartford Life and Accident Insurance Co., the issuer of plaintiff's disability insurance policy through her former employer, OfficeMax. She alleges that defendant wrongfully, arbitrarily, and capriciously terminated her long-term disability benefits.

1

Plaintiff was employed by OfficeMax during 2007.  Beginning in the fall of 2007, plaintiff began to suffer from chronic fatigue and pain, and was subsequently diagnosed with multiple sclerosis.  She ceased her employment with OfficeMax in October 2007.  Plaintiff applied for disability benefits under the Hartford policy and began receiving benefits in April 2008.  Defendant terminated her benefits in March 2009.  Plaintiff alleges that at the time defendant terminated her benefits, defendant had actual knowledge that plaintiff was disabled.  Plaintiff also alleges that defendant refused to consider her claim further as of January 27, 2010, and that defendant is a conflicted party because "there exist business and financial interests solely benefitting Hartford as a direct result of its termination of Plaintiff's benefits."

Plaintiff now moves to permit discovery on the conflict of interest allegation.  Defendant opposes the motion.

**LAW AND ANALYSIS**

A court is generally limited to the administrative record when reviewing the merits of a decision denying ERISA benefits to a claimant.  *Wilkins v. Baptist Healthcare Sys.,* 150 F.3d 609, 615 (6th Cir. 1998).  A court may consider evidence outside the record when that evidence is offered "in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process by the administrator or alleged bias on its part."  *Id.* at 619 (Gilman, J., concurring).  *See also Johnson v. Connecticut Gen. Life Ins. Co.,* 324 Fed. Appx. 459, 466 (6th Cir. 2009).  A court may thus permit limited discovery on such procedural challenges.  *Id.* at 466.

The Supreme Court has held that an inherent conflict of interest exists when the insurance company that is responsible for paying ERISA benefits out of its own pocket is also

the plan administrator that determines eligibility for benefits. *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 108 (2008). A court must consider such a conflict in determining whether the plan administrator abused its discretion in denying benefits; however, "conflicts are but one factor among many that a reviewing judge must take into account." *Id.* at 116. The significance of the conflict of interest factor will depend on the particular circumstances of the case. *Id.* at 108. Moreover, a plaintiff need not establish that the conflict affected the benefit decision for the court to consider the conflict on review. *Johnson,* 324 Fed. Appx. at 466 (citing *Glenn,* 554 U.S. at 108).

In keeping with the court's deference to the plan administrator's decision and the interest of efficiency in resolving ERISA claims, a plaintiff is not automatically entitled to discovery on the conflict of interest factor. *Id.* A plaintiff must allege some facts to support her claim that discovery might lead to relevant evidence; a mere allegation of bias is not sufficient. *Id.* at 466-67 (citing *Putney v. Med. Mut. of Ohio,* 111 Fed. Appx. 803, 807 (6th Cir. 2004) and *Likas v. Life Ins. Co. of N. Am.,* 222 Fed. Appx. 481, 486 (6th Cir. 2007).

Plaintiff argues that she should be permitted to conduct discovery in this case because she can only develop the conflict of interest factor through discovery, and cannot present evidence that the benefits denial was motivated by or affected by the conflict of interest if discovery is denied. Plaintiff specifically asks for the opportunity to conduct discovery "to determine the significance of an allowance of a claim on an employee's compensation package, future advancement, and other considerations, as well as whether the Defendant had a history of bias in its claims administration."

Defendant argues that plaintiff should not be permitted to engage in discovery because

3

plaintiff's allegations do not rise to the level of a procedural challenge and are mere allegations of bias.

Upon review, the Court finds that plaintiff's motion must be denied. Plaintiff's complaint contains a single sentence related to conflict of interest and bias: "Plaintiff states that there exist business and financial interests solely benefitting Hartford as a direct result of its termination of Plaintiff's benefits, and that, as a result of such business and financial interests, Hartford is rendered a conflicted party." Plaintiff does not provide more specific facts supporting this allegation, either in her complaint or her brief. Such a claim thus amounts to conjecture, which is insufficient to warrant discovery. *See Likas,* 222 Fed. Appx. at 486 (holding that "a mere allegation of bias is insufficient to throw open the doors of discovery in an ERISA case" (internal quotations omitted)). Additionally, plaintiff's proposed subjects of discovery– the effect of a claim allowance on an employee's compensation package and future advancement– appear to be unrelated to the allegations of conflict of interest in the complaint and are wholly unsupported by the facts alleged in this case. Without more facts, plaintiff has not alleged a procedural challenge under *Wilkins* and is not entitled to discovery. *See Johnson,* 324 Fed. Appx. at 467 ("District courts are well-equipped to evaluate and determine whether to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*."); *Putney,* 111 Fed. Appx. at 807 (holding that a "mere allegation of bias is not sufficient to permit discovery under *Wilkins'* exception").

## **CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Permit Discovery is DENIED.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge

Dated: 4/8/11